# IN THE COURT OF APPEALS OF IOWA

No. 22-0874
Filed November 17, 2022

**TYLER M. GOULD,**
        Plaintiff-Appellee,

**vs.**

**WENDY L. ALDERIN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.


        A mother appeals the district court decision sending the parties' child to
school in the father's school district.  **AFFIRMED.**


        Ryan M. Beckenbaugh of Beckenbaugh Law P.C., Davenport, for appellant.

        Robert S. Gallagher of Gallagher, Millage & Gallagher, P.L.C., Bettendorf,
for appellee.


        Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

This appeal concerns the narrow issue of where the parties' minor child, E.G., should attend school. Wendy Alderin wishes for the child to attend school in Illinois where she resides. The district court determined that E.G. should attend school in Iowa where his father, Tyler Gould, resides. Upon our de novo review, we affirm that E.G. should be enrolled in the Davenport Community School District.

### I.   *Background Facts and Proceedings.*

E.G., born in 2017, is the only child shared by Wendy and Tyler. The parties were living together in Blue Grass, Iowa, at the time of his birth but separated in approximately 2019. At that time, Tyler moved to nearby Walcott, Iowa. Tyler filed a petition to establish custody and visitation, but the parties were able to cooperate and arrive at a stipulation to maintain joint legal custody and joint physical care on a week on/week off basis, which the court approved in March 2020.

Between March and June of 2020, Wendy moved into a home owned by her fiancé in Taylor Ridge, Illinois. Wendy works as a paramedic and is able to arrange her schedule to work on alternate weeks when she does not have E.G. Wendy has three older children, ages nine, thirteen, and fourteen. She has physical care of the two oldest children and joint care of the nine-year-old child, whose schedule syncs with that of E.G. Under Wendy's stipulation with the father of her nine-year-old child, she cannot leave the Rockridge School District (based in Taylor Ridge, Illinois).

In January 2021, Tyler moved to Buffalo, Iowa, where he now resides with his girlfriend.[1] They own their home as joint tenants and have a one-year-old daughter. He is employed full-time as an auto mechanic in Davenport.

In May, Tyler filed a petition requesting the court to determine where E.G. should attend school. During the pendency of this action, E.G. began four-year-old preschool at a private school in Illinois. Tyler and Wendy had each enrolled him in different schools, but Tyler explained that he had to "bite the bullet" and consent to attendance in Illinois to avoid E.G. missing out on preschool. Wendy accepted responsibility for the cost of the preschool.

In March 2022, the district court held a hearing on the matter and subsequently ordered E.G. to be enrolled in the Davenport Community School District beginning in the fall of 2022. Wendy filed a timely appeal.

## II.    Review.

As this appeal concerns modification of a child custody action and was heard in equity, our review is de novo. *See* Iowa R. App. P. 6.907; *Christy v. Lenz*, 878 N.W.2d 461, 464 (Iowa Ct. App. 2016). We give weight to the district court's factual findings and credibility determinations, though we are not bound by them. *Christy*, 878 N.W.2d at 464. "Prior cases have little precedential value, except to provide a framework for analysis, and we must base our decision on the particular facts and circumstances before us." *In re Marriage of Will*, 489 N.W.2d 394, 397 (Iowa 1992).

---

[1] Buffalo and Taylor Ridge are both located near the Quad Cities, approximately seventeen miles apart.

### III. Discussion.

As joint legal custodians, each parent is entitled to "equal participation" in decisions affecting the child's education. Iowa Code § 598.1(3) (2021). Because the parties have been able to effectively co-parent with the exception of the specific question now before us, neither parent requests a change to their custody or physical-care arrangement. However, Wendy requests that Tyler be ordered responsible for all transportation to and from school if we are to affirm the district court's decision to place E.G. in school in Iowa.

In rendering our decision, we seek a resolution that serves the best interest of the child:

> Our supreme court has explained that '[w]hen joint legal custodians have a genuine disagreement concerning a course of treatment affecting a child's medical care, the court must step in as an objective arbiter, and decide the dispute by considering what is in the best interest of the child.' That reasoning applies equally to decisions concerning a child's education.

*In re Marriage of Laird*, No. 11-1434, 2012 WL 1449625, at *3 (Iowa Ct. App. Apr. 25, 2012) (internal citation omitted). "'Best interest of the child' includes but is not limited to the opportunity for maximum continuous physical and emotional contact possible with both parents, unless direct physical or significant emotional harm to the child may result from this contact." Iowa Code § 598.1(1).

Wendy argues the logistics of getting E.G. to and from a different school than her older children support him attending school in Illinois. Tyler testified that he has significant flexibility in his work schedule and is able to transport E.G. to school in either district. We have previously prioritized logistics in selecting a child's school to minimize the amount of time the child must spend traveling to and

from school. *See Laird*, 2012 WL 1449625, at *3; *Gaswint v. Robinson*, No. 12–2149, 2013 WL 4504879, at *5 (Iowa Ct. App. Aug. 21, 2013). However, Wendy's argument pertains to a schedule that will work best for her and not how long E.G. will spend traveling. In either school district, E.G. will have a longer trip to and from school every other week, and both parents will have at least one half-sibling with whom to coordinate transportation. Therefore, we are unpersuaded by the logistics issue.

Both parents presented evidence regarding the quality of education offered by the two school districts. While the Illinois schools ranked slightly better in some categories, we agree with the district court's finding that they are relatively comparable and both good schools. Tyler argued there are better opportunities to pursue college credit during high school in Davenport, but Wendy pointed out there is some availability for such credit with Rockridge, and the curriculum may change by the time E.G. reaches high school. Given the age of E.G.'s half-siblings, there will be minimal building overlap with his next closest half-sibling in either school district. Tyler emphasized that E.G. also has friends from tee-ball and cousins from Wendy's side in the Davenport schools. Wendy pointed out that E.G. made friends while attending preschool in Illinois. We encourage both parents to continue to foster E.G.'s social development with family and friends from their respective communities and extracurricular activities.

The district court cited "a slight advantage in continuity and stability" for E.G. to attend school in the Davenport district. While both school districts present strong opportunities to serve E.G.'s best interest, we affirm the court's decision that E.G. should be enrolled in the Davenport Community School District. Because

it would be inequitable to completely absolve Wendy of her responsibility to transport E.G. to and from school, we decline her request to order Tyler to provide all transportation.

**AFFIRMED.**